IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **VICTOR BODDIE,** | ] |
| | ] |
|     **PLAINTIFF,** | ] |
| | ] |
| V. | ]   **CASE NO: 2:19-cv-02423-JPM-dkv** |
| | ]   **JURY DEMAND** |
| **THE CHEMOURS COMPANY,** | ] |
| **A/K/A THE CHEMOURS COMPANY** | ] |
| **FC, LLC, a Delaware Corporation** | ] |
| | ] |
|     **DEFENDANT.** | ] |

**DEFENDANT'S MOTION TO BIFURCATE TRIAL**

Defendant The Chemours Company a/k/a The Chemours Company FC, LLC ("Chemours" or "Defendant") files this motion pursuant to Rule 42(b) of the Federal Rules of Civil Procedure requesting that the Court bifurcate the trial of this action so that the amount of any damages award (compensatory and/or punitive) by the jury would be determined in a separate, second phase of the trial. The second phase of the trial would occur only if, and only after, the jury finds Defendant is liable to Plaintiff for violation(s) of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 12117.

This Court has the discretion under Rule 42(b) to bifurcate the issues of liability and damages. A bifurcated trial is necessary to prevent Defendant from being unfairly prejudiced by presentation to the jury of evidence regarding its financial condition during the liability portion of the trial. *See Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (district court may bifurcate a trial in furtherance of convenience, or to avoid prejudice, or when separate trials will be conducive to expedition and economy, and only one of these criteria need be met to justify bifurcation).

Failure to bifurcate the trial of this action would create the substantial likelihood that Defendant would be unfairly prejudiced by the influence that information about its finances could have on the jurors; whose decision making on the issues of liability would be affected by the premature introduction

of such evidence. Further, evidence of Defendant's finances is irrelevant to the liability portions of this case, and its premature introduction would offer no probative value and only the substantial risk of unfair prejudice on those issues.

For the foregoing reasons, Defendant requests that the Court grant its Motion to Bifurcate and order that the amount of any damages award against it be determined in a separate, second phase of the trial. In the event that the Court does not bifurcate damages from liability, Defendant asserts that the Court should at least bifurcate determination of the amount of punitive damages, if any, that Plaintiff may be awarded.

Respectfully submitted,

 *s/ James C. Bradshaw III*
James C. Bradshaw III, BPR No. 013170
Meredith L. Eason, BPR No. 030183
WYATT, TARRANT & COMBS, LLP
333 Commerce Street, Suite 1050
Nashville, Tennessee 37201
Telephone: 615.244.0020
Facsimile:  615.256.1726
jbradshaw@wyattfirm.com
meason@wyattfirm.com
*Counsel for Defendant Chemours Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed and served upon the following via email and U.S. Mail, postage pre-paid, on this the 27th day of May, 2022:

Ralph T. Gibson
Gibson Perryman Law Firm
22 N. Front Street, Suite 650
Memphis, Tennessee  38103
ralph@gibsonperryman.com

 *s/ James C. Bradshaw III*
James C. Bradshaw III

100776251.1