**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **VICTOR BODDIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2:19-cv-02423-JPM-atc** |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **THE CHEMOURS COMPANY,** | ) | |
| **A/K/A THE CHEMOURS COMPANY** | ) | |
| **FC, LLC, a Delaware Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO BIFURCATE TRIAL**

Plaintiff Victor Boddie hereby responds to Defendant's, The Chemours Company a/k/a The Chemours Company FC, LLC ("Chemours"), Motion to Bifurcate Trial pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. Defendant has requested that the amount of any damages award (compensatory and/or punitive) be determined by the jury in a separate, second phase of the trial, and that this second phase of the trial will occur only if the jury finds Defendant is liable to Plaintiff for violation(s) of Title VII, the ADEA, or 42 U.S.C. § 1981. Defendant's request should be denied because trying the issues together would expedite and economize the trial.

FED. R. CIV. P. 42(b) states, in relevant part, that the Court may for convenience, to avoid prejudice, or to expedite and economize, order a separate trial of one or more separate issues. "Bifurcations of proceedings into separate trials concerning liability and damages is appropriate when 'the evidence pertinent to the issues is wholly unrelated' and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination." *Helminski v. Ayerst Laboratories, Div. of American Home Products Corp.*, 766 F.2d 208, 212 (6th Cir. 1985).

In determining bifurcation, the Court should consider potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result from separation of the issues. *Cravens v. Cty. Of Wood*, 856 F.2d 753, 756 (6th Cir. 1988).

In this case, the trial is expected to be relatively short, 3-4 days. Presenting liability and damages separately would cause undue delay and additional cost. Additionally, the issues of damages in this case are intertwined with issues of liability. Liquidated and punitive damages under Title VII, the ADEA, and 42 U.S.C. § 1981 require additional intent elements that would be more efficiently presented with liability issues. Presenting damages and liability together would be less confusing for the jury and would avoid presenting the same or substantially similar evidence to the jury twice. Additionally, the standards of proof are the same for both liability and damages, including exemplary damages, preponderance of the evidence. *Hawkins v. Ctr. For Spinal Surgery*, 247 F.Supp.3d 897, 903 (M.D. Tenn. 2017).

Trying the issues together is not likely to unfairly prejudice Defendant. Although Defendant states that the jury's decision-making on the issues of liability would be affected by the premature introduction of financial evidence, it fails to state how the jury's decision-making would actually be affected. If the Court believes that the jury might be affected by financial evidence, a limiting instruction may be added to the jury instructions regarding that issue.

For the foregoing reasons, Defendant's Motion to Bifurcate Trial should be denied.

Respectfully Submitted,

/s/ Ralph T. Gibson
Ralph T. Gibson, BPR #14861
Alexandria Holloway, BPR #39464
GIBSON PERRYMAN LAW FIRM
22 N. Front Street, Ste. 650
Memphis, TN 38103
(901) 526-0412
Ralph@GibsonPerryman.com
Alex@GibsonPerryman.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all parties via the Court's ECF system on this the 3rd day of June 2022.

/s/ Ralph T. Gibson
Ralph T. Gibson