6.21.2022
3:08 PM

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| VICTOR BODDIE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) No.  2:19-cv-02423-JPM-atc |
| | ) |
| THE CHEMOURS CO. a/k/a THE CHEMOURS CO. FC, LLC, | ) |
| | ) |
|     Defendant. | ) |

## SUPPLEMENTAL JURY INSTRUCTIONS

Ladies and gentlemen of the jury, we have now come to the second phase of the case, when it is my duty to instruct you in the law as it applies to punitive and liquidated damages. Again, you must follow the law as I give it to you.

In the first phase of this trial, you found the Defendant Chemours liable to the Plaintiff for discrimination, in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (the "ADEA"), and 42 U.S.C. § 1981.  You, the jury, also agreed that the Plaintiff had shown by a preponderance of the evidence that the Defendant violated Title VII and 42 U.S.C. § 1981 with malice or reckless disregard for the Plaintiff's rights.  You also found that the Defendant willfully violated the ADEA.

As we discussed earlier, as jurors it is your exclusive duty to decide all questions of fact submitted to you and for that purpose to determine the effect and value of the evidence.  You must not be influenced by sympathy, bias, prejudice, or passion.  You are not to single out any particular part of the instructions and ignore the rest, but you are to consider all the instructions

6.21.2022
3:08 PM

as a whole and regard each in the light of all the others.  These instructions are in addition to the instructions that you have already received.

6.21.2022
3:08 PM

<u>Punitive Damages – Title VII and Section 1981</u>

If you find that the Plaintiff is entitled to punitive damages, you must decide the amount of those damages.  The Plaintiff has the burden of proving by a preponderance of the evidence the amount of punitive damages that you should award.  In making your decision you must consider the instructions that I have already given you and also the following:

a.     The Defendant's net worth and financial condition;

b.     The objectionable nature of the Defendant's wrongdoing, the impact of the Defendant's conduct on the Plaintiff, and the relationship of the Parties;

c.     The Defendant's awareness of the amount of harm being caused and the Defendant's motivation in causing that harm;

d.     The duration of the Defendant's misconduct and whether the Defendant attempted to conceal the conduct;

e.     Whether the Defendant profited from the activity, and if so, whether the punitive award should be in excess of the profit in order to deter similar future behavior;

f.     The number and amount of previous punitive damage awards against the Defendant based upon the same wrongful act;

g.     Whether, once the misconduct became known to the Defendant, the Defendant tried to remedy the situation or offered a prompt and fair settlement for the actual harm caused; and

h.     Any other circumstances shown by the evidence that bear on determining the proper amount of the punitive award.

You have already awarded compensatory damages for the purpose of making the Plaintiff whole.  The purpose of an award for punitive damages is to punish the wrongdoer and to deter

6.21.2022
3:08 PM

misconduct by the Defendant or others.  The amount, if any, is up to you the jury.  You are not required to award any amount of punitive damages.

6.21.2022
3:08 PM

<u>Liquidated Damages – ADEA</u>

The ADEA provides for additional damages for a willful violation.  Liquidated damages may be up to a doubling of the total of back pay, front pay, and compensatory damages to which you have already determined the Plaintiff is entitled.  Again, you are not required to award any amount of additional damages.